IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN COULTER,

    Plaintiff,

vs.                       Case No.  4:20-cv-00193-AW-MAF

U.S. CUSTOMS AND BORDER PROTECTION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, John Coulter, a non-prisoner proceeding *pro se*, initiated this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. This Cause is currently before the Court upon the motion to dismiss filed by Defendant U.S. Customs and Border Protection (CBP). ECF No. 19. Plaintiff did not file a response.

After careful review, for the reasons stated, it is recommended that the motion to dismiss should be GRANTED and the case be DISMISSED.

**I.  Plaintiff's Complaint, ECF No. 1.**

According to Plaintiff, a CBP agent seized his vessel and assured him it would be returned in one or two months. ECF No. 1, p. 4. A CBP agent told Plaintiff the vessel would never be returned because he might "smuggle dope

in the future." Id., p. 5. Plaintiff claims Defendant wants to destroy the boat. Id. Plaintiff claims that he is 79 years old, does not plan to smuggle drugs, but admits that he was guilty of the citation he received. Id. Plaintiff claims Defendant violated his rights to Due Process and seeks immediate return of the vessel. Id., pp. 5-6.

Plaintiff provides a "Notice of Seizure" from Defendant dated November 12, 2019, which states the vessel was subject to forfeiture because it was outfitted for smuggling, in violation of 19 U.S.C. § 1703, and for facilitating an importation contrary to law, in violation of 19 U.S.C. § 1595a(a). Id., p. 9. Plaintiff presents a certificate of title for the vessel. Id., p. 10. Plaintiff also includes a second letter from CBP responsive to his petition seeking relief from the forfeiture. Id., p. 11. The letter states that the "petition failed to provide any evidence to substantiate [his] claim that" the vessel was not used to facilitate an importation. Id. Moreover, "[r]ecords indicate this vessel has been used on multiple occasions to facilitate and conceal the illegal importation of fish." Id.

## II.   Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id. (citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla.,

Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

### III. Defendant's Motion to Dismiss

Defendant asserts that Plaintiff's complaint should be dismissed because CBP is not a proper defendant in the case. ECF No. 19. In short, Defendant maintains that "a suit for damages against the United States and its agencies for alleged Constitutional violations is not contemplated by Bivens." Id., p. 2. Only federal officers may be named as defendants in a Bivens action. Id. Accordingly, the Court does not have subject matter jurisdiction in this case. Id., p. 4. Plaintiff did not file a response to the motion to dismiss.

### IV. Discussion

The availability of a cause of action against federal officials for violations of federal constitutional rights was established in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens claims may only be brought against federal officers in their individual capacities; they do not apply to federal officers acting in their official capacities. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70-72 (2001). More importantly, as applicable to the instant case, it is well settled that absent a waiver of sovereign immunity, the federal government and its

agencies are immune from suit. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 417, 475 (1994). This is so because "the purpose of Bivens is to deter the officer not the agency" Malesko, 534 U.S. at 69-70 (internal quotations omitted).

Because Plaintiff has brought this case against an agency of the United States, United States Customs and Border Patrol, rather than against a federal officer in his or her individual capacity, Plaintiff's case is due to be dismissed for lack of subject matter jurisdiction.

## V.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Defendant's Motion to Dismiss, ECF No. 19, be GRANTED for lack of subject matter jurisdiction and that the case be CLOSED.

DONE AND ORDERED on January 15, 2021.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20-cv-00193-AW-MAF